IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Case No. 1:23-cr-301-CRC |
| ) | |
| **TONYA WEBB** ) | |

**MOTION FOR MISTRIAL**

Ms. Webb requests a mistrial because, shortly after opening statements in this case the Court of Appeals for the D.C. Circuit issued an opinion reversing this Honorable Court's prior opinion regarding the scope of the knowledge element for violations of 18 U.S.C. § 1752(a)(1) and (b)(1). Specifically, knowledge of the Vice President's presence in the Capitol Building is, as of a few moments ago, not required for conviction on either Count. This ruling is fatal to Ms. Webb's theory of defense, and a mistrial is necessary to prevent a miscarriage of justice.

In opening statements, defense counsel began to signpost for the jury a theory of defense solely predicated on this Court's earlier interpretation of the statutes – that Ms. Webb's guilt hinged on whether she knew that the Vice President would be at the Capitol when she entered. That theory of defense is now foreclosed by Circuit precedent and if this trial continues, this Court must so instruct the jury.

**I. There are no double-jeopardy barriers to granting Ms. Webb's motion.**

As an initial matter, the government opposes a mistrial, citing concerns regarding its ability to retry Ms. Webb after a mistrial is declared. But it is well-settled that the grant of a mistrial on the ground of manifest necessity presents no double jeopardy concerns when it is done on the defendant's motion. In cases not

involving prosecutorial and judicial misconduct, "a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error.'" *See Lee v. United States*, 432 U.S. 23, 32 (1977) (quoting *United States v. Dinitz*, 424 U.S. 600, 607 (1976); *see also United States v. Wills*, 902 F.2d 1009 (D.C. Cir. 1990) (citing *United States v. Dinitz*, 424 U.S. 600 (1976)) ("absent prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution.").

### II. This Court should exercise its discretion to grant a mistrial to protect Ms. Webb's rights.

As the D.C. Circuit has recognized, a defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *United States v. McCallum*, 721 F.3d 706, 710 (D.C. Cir. 2013) (quoting *United States v. Scott*, 437 U.S. 82, 93 (1978). In this case, the defense is not alleging that the government is seeking to prompt this request of a mistrial, or has in any way acted inappropriately. Rather, the defense is seeking a mistrial to protect Ms. Webb's right to a fair trial. As such, the defense does not and shall not challenge the government's ability to reprosecute Ms. Webb based on the declaration of a mistrial on these grounds.

From the initial articulation of "manifest necessity" in this context, the Supreme Court has made clear the discretion afforded the trial judge. As Justice Story wrote,

> We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere.

*United States v. Perez*, 22 U.S. 579, 580 (1824).

The words "manifest necessity," the Supreme Court has cautioned, "do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge." *Arizona v. Washington*, 434 U.S. 497, 506 (1978). In exercising this discretion, reviewing courts owe "great deference to the trial court when it declares a mistrial […] to protect the defendant's rights." *United States v. Bates*, 917 F.2d 388, 394 (9th Cir. 1990) (citing *Gori v. United States,* 367 U.S. 364, 366 (1961)). "Reviewing courts should be careful not to use hindsight to second-guess a trial court's conclusion that a mistrial was important to protect a defendant's rights, but reviewing courts should not lose sight of the importance of letting defendants make their own choices about the course of the trial and what benefits them." *Id.* at 397 (citing *United States v. Jorn*, 400 U.S. 470, 483 (1971)).

Where, as here, a change in the law occurred literally moments after, or perhaps even during, the parties' Opening Statements, there exists a manifest necessity to grant Ms. Webb's motion for a mistrial. This cannot be cured by a brief recess and the opportunity to again address the jury to clarify the opening statement. The defense made a strategic decision on the theory of defense to present based on the then-controlling authority in this courtroom, and consequently, pretrial

preparation, investigation, and review of the voluminous discovery material were undertaken with this theory as the guiding principle. To compel Ms. Webb to go forward with trial under these circumstances would be a miscarriage of justice and a mistrial is a manifest necessity.

                                                    Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

*/s/ James T. Gibson*
JAMES T. GIBSON
Assistant Federal Public Defender

*/s/ Alexandria Darby*
ALEXANDRIA DARBY
Appellate Attorney

*/s/ Erin S. Atkins*
ERIN S. ATKINS
Assistant Federal Public Defender
200 Clinton Avenue West, Suite 503
Huntsville, AL 35801
256-684-8700 (t)
256-519-5948 (f)
Erin_atkins@fd.org

## CERTIFICATE OF SERVICE

I certify that on October 22, 2024, the foregoing was filed with the Clerk of Court and docketed electronically using this Court's CM/ECF system, which will provide notice to counsel of record.

*/s/ Erin S. Atkins*
ERIN S. ATKINS