UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                     ) | Case No. 1:23-cr-00301-CRC |
| ) | |
| TONYA ELIZABETH WEBB ) | |

**Defendant's Second Motion to Continue Trial**

Ms. Tonya Elizabeth Webb, by and through the undersigned counsel, respectfully requests this Honorable Court grant a continuance in the above-styled matter until such time that a final adjudication is reached in *United States v. Griffin* (D.C. Cir. Case no. 22-3402). As grounds for this motion, the defense asserts the following:

1. Ms. Webb is before this Court by way of a four-count information for misdemeanor offenses that allegedly occurred on January 6, 2021 (Doc. 6).

2. This matter is currently set for trial on February 24, 2025 after a mistrial was declared on October 22, 2024.

3. This Court granted a mistrial because on the second day of trial, a panel of the United States Court of Appeals for the District of Columbia Circuit issued a ruling regarding the scope of 18 U.S.C. § 1752(a)(1) and (c)(1)(B). *See United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024). The panel in *Griffin* determined that it was not necessary for the government to prove a defendant's awareness of a Secret Service protectee in the restricted area— an interpretation squarely at odds with the one reached by this and other District Courts.

4. The panel's interpretation foreclosed Ms. Webb's theory of defense that had guided her trial preparation and presentation to the jury in her Opening Statement.

5. As it stands today, Mr. Griffin is pursuing reconsideration of this decision. The D.C. Circuit granted a 60-day extension for Mr. Griffin to file a petition for rehearing and/or rehearing en banc, which is now due to be filed February 4, 2025. This is only three weeks before Ms. Webb's scheduled trial date.

6. In light of this ongoing question of statutory interpretation, a continuance is necessary to determine if Ms. Webb can maintain her original theory of defense. She respectfully submits that it is in the interest of justice for her to proceed to trial under the correct interpretation of the statute, whatever that is ultimately determined to be, and that will remain an open question until there is a final disposition in *Griffin*.

7. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the 70-day speedy-trial deadline excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

8. In this case, the ends of justice served by a general continuance outweigh the best interest of the public and the defendant in a speedy trial. Ms. Webb has fully complied with all the terms and conditions of her bond since its implementation on August 25, 2023, and there will be no prejudice to either party by such a continuance.

9. Requests for a trial continuance under the ends-of-justice provision are committed to the district court's discretion, "within limits and subject to specific procedures," to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir.2014) (internal citation omitted).

10. A waiver of rights under the Speedy Trial Act has previously been filed in this case (Doc. 14-1).

11. The government opposes any further continuance.

Accordingly, Ms. Webb respectfully requests this Honorable Court grant her requested relief and continue trial generally, pending a final disposition in the *Griffin* matter.

Respectfully Submitted,

KEVIN L. BUTLER
Federal Public Defender

*/s/ Erin S. Atkins*
Erin S. Atkins

>Assistant Federal Defender
>200 Clinton Avenue West, Suite 503
>Huntsville, AL 35801
>256-684-8700 (t)
>256-519-5948 (f)
>Erin_atkins@fd.org
>
>*/s/ James T. Gibson* _____
>JAMES T. GIBSON
>Assistant Federal Public Defender
>505 20th Street North, Suite 1425
>Birmingham, Alabama 35203
>205-208-7170 (t)
>205-307-2567 (f)
>James_gibson@fd.org

CERTIFICATE OF SERVICE

I certify that on January 17, 2025, the foregoing was filed with the Clerk of Court and docketed electronically using this Court's CM/ECF system, which will provide notice to counsel of record.

>*/s/ Erin S. Atkins* _____
>Erin S. Atkins